**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| _____ | : |
| In re: | : Chapter 7 |
| | : |
| CommuniClique, Inc., | : Case No. 19-10573 (KG) |
| | : |
|        Alleged Debtor. | : **Requested Hrg. Date:  May 9, 2019 at 10 a.m. (ET)** |
| | : **Requested Obj. Deadline: At the hearing** |
| _____ | : |

**MOTION FOR (I) ENTRY OF AN ORDER STRIKING ALLEGED
DEBTORS' ANSWERS TO INVOLUNTARY PETITIONS,
AND (II) ENTRY OF THE ORDERS FOR RELIEF**

Keith Hladek, Philip Lowit, Paitaridis Children Family Trust, Robert M. Pons, Erik Sachwitz, Andrew Schwartzberg and Jaime Schwartzberg, Adam Stern and Stonehaven Capital (collectively, the "Petitioning Creditors"), by and through undersigned counsel, pursuant to Section 105(a) of the Title 11 of the United States Code (the "Bankruptcy Code"), Rules 1018 and 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 12(f) of the Federal Rules of Civil Procedure (the "Federal Rules"), hereby moves (the "Motion") for (I) entry of an order striking (a) *CommuniClique's Answer to the Involuntary Bankruptcy Petition* [Case No. 19-10573, Dkt. No. 22] (the "CommuniClique Answer") filed by CommuniClique, Inc. (the "Company" or "CommuniClique"), a Delaware corporation, alleged debtor in case number 19-10573 (the "CommuniClique Action") pending in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and (b) *Andrew Brent Powers' Answer to the Involuntary Bankrutpcy Petition* [Case No. 19-10574, Dkt. No. 26] (the "Powers Answer", together with the CommuniClique Motion, the "Answers") filed by Andrew Brent Powers ("Mr. Powers", together with CommuniClique, the "Alleged Debtors"), founder and Chief Executive Officer of CommuniClique, and alleged debtor in case number 19-10574 (the "Powers Action", together with the CommuniClique Action, the "Actions") pending in the Bankruptcy Court, and (II) entry of the

1

orders for relief against the Alleged Debtors.  In support of the Motion, the Petitioning Creditors submit the Declaration of Courtney Snell (the "Snell Declaration"), former executive assistant to CommuniClique and Mr. Powers.  In further support of the Motion, the Petitioning Creditors state as follows:

## PRELIMINARY STATEMENT[1]

Alleged Debtors have defrauded investors, lenders, and vendors alike.  Unfortunately, they have now defrauded this Court.

Concerned by known fraudulent conduct of the Alleged Debtors (and the known and potential negative repercussions thereof on their estates), the Petitioning Creditors opposed the Alleged Debtors attempt to extend the deadline to file answers to the Petitions.  Ultimately, the Court entered a short, four-day extension.  The brevity of this extension was born from the Petitioning Creditors' concern about the Alleged Debtors' lack of diligence and delay (and presumably with respect to the evidence of the dissipation and squandering of assets).  Unbelievably, the Alleged Debtors repaid this Court's courtesy by filing falsified evidence in support of the CommuniClique Answer.

In an attempt to demonstrate solvency and persuade the Court that they are regularly paying large debts as they come due, the Alleged Debtors filed as an exhibit to the CommuniClique Answer a number of invoices showing large sums—from $1,022,642.47 all the way to $2,192,822.08 in a single month—purportedly billed by, and paid to, Amazon Web Services.  As described in more detail below, ***Alleged Debtors doctored each of the Amazon invoices*** by, among other things, simply adding three digits to the front of each total amount due in order to inflate the amount and persuade the Court that they are paying substantial sums as they came due.  The actual invoices, however, reflect the true amounts billed to CommuniClique by Amazon was no more than $3,000.00 in any single month—a

---

[1] Capitalized terms not defined in the Preliminary Statement shall have them meanings ascribed to them in the Motion.

2

paltry amount compared to the tens of millions owed to creditors—and certainly not the millions Alleged Debtors' claim by its submission of the forged invoices.

Alleged Debtors' unabashed fraud and deceit makes clear that nothing they state—whether in Court filings or the public domain—can be trusted.  Their unconscionable fraud on the Court, coupled with their overall conduct, permeates the Answers, casting considerable doubt with respect to their veracity.  Moreover, the brazen nature of Alleged Debtors' criminal conduct[2] is yet another indication that they cannot be trusted to manage their affairs or refrain from dissipating assets while the Actions are pending.  The appointment of a trustee is essential, and entry of the orders for relief against the Alleged Debtors should not be delayed.

Whether or not the Court ultimately transfers the Actions, it should address the fraud on this Court, and decide whether the orders for relief should be entered, here and now, while it still has jurisdiction to remedy the Alleged Debtors' blatant fraud and prevent further unnecessary delay.[3]

Shortly after discovering the Alleged Debtors' fraud, counsel for the Petitioning Creditors contacted Neil Dignon ("Mr. Dignon"), "apparent" counsel to the Alleged Debtors,[4] to make him aware.  Mr. Dignon claims that he is investigating the matter, but to date has been unwilling to voluntarily withdraw the offending Answers.

---

[2] The alteration of the invoices submitted in support of the CommuniClique Answer almost certainly violates 18 U.S. Code § 1519, among other sections of the criminal code related to obstruction of justice.

[3] The Petitioning Creditors are still investigating the venue issue raised by the Court.

[4] *See* ¶ 9, *infra.*

## JURISDICTION AND VENUE

1.        This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

A. *The Involuntary Petitions*

2.        On March 15, 2019, the Petitioning Creditors filed an involuntary petition for relief (the "CommuniClique Petition") against CommuniClique under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court, thereby commencing this CommuniClique Action.

3.        On the same date, the Petitioning Creditors also filed an involuntary petition for relief against Mr. Powers, an affiliate of CommuniClique's, under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court, thereby commencing the Powers Action.

4.        On March 18, 2019, the Petitioning Creditors filed an amended petition (the "Powers Petition", together with the CommuniClique Petition, the "Petitions") against Mr. Powers to correct minor, non-substantive deficiencies in the petition filed against Mr. Powers on March 15th.

B. *The Answers to the Petitions*

5.        On April 12, 2019, the Alleged Debtors filed motions to extend the deadline to answer the Petitions (together, the "Motions to Extend").  *See* Case No. 19-10573, Dkt. No. 10; Case No. 19-10574, Dkt. No. 12.

6.        On April 24, 2019, the Petitioning Creditors filed objections (the "Extension Objections") to the Motions to Extend, arguing, *inter alia,* that the Alleged Debtors failed to show cause to warrant an extension; that there was a serious risk of a dissipation of estate assets; and that

an extension would be futile in any event because the Alleged Debtors lacked any credible defenses. *See id.*, Dkt. No. 18; Case No. 10-10574, Dkt. No. 22.

7.      On April 25, 2019, the Court held a hearing on the Motions to Extend.  After the hearing, the Court granted the Motions to Extend, giving the Alleged Debtors until April 29, 2019 to file answers to the Petitions.

8.      On April 29, 2019, CommuniClique filed an answer (the "CommuniClique Answer") to the CommuniClique Petition, and Mr. Powers filed an answer (the "Powers Answer", together with the CommuniClique Answer, the "Answers") to the Powers Petition.

9.      On the same date, in conjunction therewith, Neil Dignon ("Mr. Dignon"), counsel to the Alleged Debtors, filed a "Limited Entry of Appearance" in both Actions, purporting to enter "his limited appearance" on behalf of the Alleged Debtors "for the express and limited purposes of ***drafting and filing*** [answers] to the [involuntary petitions]."  *See id.*, Dkt. No. 21 (emphasis added); Case No. 19-10574, Dkt. No. 25 (emphasis added). Shockingly, when undersigned counsel inquired about this "limited appearance," Mr. Dignon advised that "as far as I'm concerned, I'm no longer counsel of record [for the Alleged Debtors]."

C.  *Fraud on the Court*

10.      In an effort to show that the Company is generally paying its debts when they come due, the Alleged Debtors contend that the Company "has been paying the majority of its service and monthly contract invoices as they come due, including but not limited to its server communications, website migration services, rent, and staff wages."  *See* CommuniClique Answer at ¶ 17.[5]  As evidence, certain invoices (and references to purported payments) were attached as Exhibit A to the CommuiClique Answer (the "CommuniClique Invoices").  *Id.* at Ex. A.  Included among the

---

[5] Initially, the Petitioning Creditors note that CommuniClique is not paying its rent as it comes due.  As set forth in the Extension Objection, the Company has been sued by its landlord for $373,547.03 in unpaid rent.

CommuniClique Invoices are purported invoices (collectively, the "Purported Amazon Invoices", and each a "Purported Invoice") from Amazon Web Services Inc. ("Amazon"). The Purported Amazon Invoices provided as evidence by the Alleged Debtors are attached hereto as **Exhibit 1** for the Court's convenience. The Alleged Debtors did not include bank statements reflecting payments made to Amazon on account of the Purported Amazon Invoices. Instead, the Alleged Debtors included a chart (the "Purported Amazon Payment Chart") that purports to reflect payments made by the Company to Amazon – in the amounts set forth in the Purported Amazon Invoices. The Purported Amazon Payment Chart is attached hereto as **Exhibit 2** for the Court's convenience.

11. The Purported Amazon Invoices are a fraud, as is the information set forth in the Purported Amazon Payment Chart. In an apparent effort to bolster its position on solvency and its ability to pay debts as they come due, the Alleged Debtors falsified the Purported Amazon Invoices (and related payment information) to, among other things, make it appear that the Company was and is dutifully paying Amazon more than a million dollars per month for web services. As set forth in detail below, this is an unabashed lie – disseminated through falsified documentary evidence submitted to the Court in support of the CommuniClique Answer.

12. The information set forth in the following chart is taken directly from the five Purported Amazon Invoices submitted as evidence by the Alleged Debtors:

| Invoice Number | Billing Period | Invoice Date | Due Date | Amount |
|---|---|---|---|---|
| 153257258 | Feb. 1-28, 2018 | March 3, 2018 | March 3, 2019 | $1,922,823.48 |
| 157106281 | Jan. 1-31, 2019 | Feb. 3, 2018 | Feb. 3, 2019 | $2,192,822.08 |
| 160634480 | Nov. 1–30, 2018 | Dec. 3, 2018 | Dec. 3, 2018 | $1,322,728.79 |
| 162758016 | Dec. 1-31, 2018 | Jan. 3, 2019 | Jan. 3, 2019 | $1,022,642.47 |
| 197284273 | March 1-31, 2019 | April 3, 2019 | April 3, 2019 | $1,631,856.72 |

13.    The actual Amazon invoices (collectively, the "Actual Amazon Invoices", and each an "Actual Invoice"), provided to the Petitioning Creditors by Courtney Snell, former executive assistant to the Company and Mr. Powers, are attached to the Snell Declaration as Exhibit A and, for the Court's convenience, hereto as **Exhibit 3**. The information set forth in the following chart is taken directly from the Actual Amazon Invoices:

| Invoice Number | Billing Period | Invoice Date | Due Date | Amount |
|---|---|---|---|---|
| 153257258 | Sept. 1-30, 2018 | Oct. 3, 2018 | Oct. 3, 2018 | $2,823.48 |
| 157106281 | Oct. 1-31, 2018 | Nov. 3, 2018 | Nov. 3, 2018 | $2,822.08 |
| 160634480 | Nov. 1–30, 2018 | Dec. 3, 2018 | Dec. 3, 2018 | $2,728.79 |
| 162758016 | Dec. 1-31, 2018 | Jan. 3, 2019 | Jan. 3, 2019 | $2,642.47 |

14.    Brazenly, the Alleged Debtors falsified the Purported Amazon Invoices to include amounts that were exponentially higher than the actual amounts owed. The Alleged Debtors accomplished this by simply adding three digits to the invoiced amount. For example, the amount owed in Actual Invoice No. 160634480 was $2,728.79. *See* Ex. C. According to the falsified Purported Invoice No. 160634480, the amount owed was $1,322,728.79. *See* Ex. A. The Alleged Debtors simply added "1,32" to the amount owed to make it appear that the amount due was over $1.32 million more than what was actually owed. Then, instead of attaching a bank statement reflecting such payment, the Alleged Debtors simply attached the fraudulent Purported Amazon Payment Chart, which wrongly states that such amount was paid. This pattern holds true with respect to **each** invoice:

- Actual Invoice 153257258 for $2,823.48 was changed to $1,922,823.48;

- Actual Invoice 162758016 for $2,642.47 was changed to $1,022,642.47; and

- Actual Invoice 157106281 for $2,822.08 was changed to $2,192,822.08.

*See* Exs. A & C.

15.     While the Alleged Debtors did not bother to change invoice numbers, they did alter

certain dates in the forgeries.  For example, Actual Invoice 157106281, dated November 3, 2018, was

for the billing period October 1-31, 2018.  Purported Invoice 157106281 is dated <u>February 3, 2018</u>

and is for the apparent billing period <u>January 1-31, 2019</u>.  *See id.*  So, not only did the Alleged Debtors

change the billing period that the invoice related to (from October 2018 to January 2019), but they

did so sloppily, dating the invoice for February 3, 2018 – approximately a year before the apparent

billing period to which the purported invoice relates.  The same is true with respect to Purported

Invoices 153257258 and 197284273, which have manipulated dates (in addition to falsified amounts

owed).  Similarly to Purported Invoice 157106281, Purported Invoice 153257258 includes a billing

period of <u>March 1-31, 2018</u> and invoice date of <u>March 3, 2018</u>, but a payment date of <u>March 3, 2019</u>

– a year later.[6]  *See id.*

16.     Mr. Dignon, apparent counsel to the Alleged Debtors, was made aware of this fraud

on the court on Tuesday, April 30, 2019, shortly after discovery by the Petitioning Creditors.

### **RELIEF REQUESTED**

17.     By this Motion, the Petitioning Creditors seek, pursuant to section 105(a) of the

Bankruptcy Code, Rules 1018 and 7012 of the Bankruptcy Rules and Rule 12(f) of the Federal Rules,

(I) entry of an order striking the Answers, followed by (II) entry of the orders for  relief against the

Alleged Debtors.

---

[6] Further evidence of the Alleged Debtors' sloppy fraud is that the invoice numbers for the Actual Amazon Invoices are in sequential order.  That is, the invoice number for a particular month is smaller than the invoice number for the next month.  That is because invoices are numbered sequentially and by the time the next month's invoice is issued, there have been many other invoices issued by Amazon.  As a result of the Alleged Debtors' forgery, the same is not true with respect to the Purported Amazon Invoices.  *See* ¶ 12, *supra*; Exs. A & B.

## BASIS FOR RELIEF REQUESTED

18.     Rule 12(f) of the Federal Rules provides that the court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   Fed. R. Civ. P. 12(f).   Rule 12(f) of the Federal Rules is made applicable in a bankruptcy proceeding pursuant to Bankruptcy Rule 7012.   Fed. R. Bankr. P. 7012(b).   When an involuntary proceeding is contested, Bankruptcy Rule 1018 provides that certain rules under Part VII of the Bankruptcy Rules automatically apply.   *Id.* at 1018.   Bankruptcy Rule 7012 is not among them.   *See id.*   However, Bankruptcy Rule 1018 provides that the court may direct that other rules in Part VII shall also apply in a contested involuntary proceeding.   *Id.*   Petitioning Creditors respectfully request that under the circumstances the Court direct that Bankruptcy Rule 7012 applies in the Actions and specifically with respect to the Motion and Answers.

19.     Further, bankruptcy courts are inherently courts of equity with broad remedial powers. The court may issue appropriate orders in the enforcement of its jurisdiction and to carry out provisions of the Bankruptcy Code.   11 U.S.C. § 105(a).

20.     Having been given the courtesy of the Court of an extension to file otherwise untimely answers to the Petitions, the Alleged Debtors used such time to falsify evidence in support of patently deficient Answers.   This is shocking – especially in the context in which we find ourselves.   Here, the Alleged Debtors are known fraudsters that appear to believe they are above the law.   As set forth in more detail in the Extension Objections, they have been judged by the Commonwealth of Virginia to have violated the Virginia Securities Act for making material false misrepresentations to investors; have blatantly dissipated and squandered estate assets in the face of their mounting debt; and have showed a complete lack of diligence with respect to defending the Actions.   Just when you thought

that the Alleged Debtors could not outdo themselves, they perpetrate an outrageous fraud on the Court in an effort to justify the fact that the Court should **NOT** enter the orders for relief.

21.    The Petitioning Creditors respectfully submit that the Court should not allow this fraud to continue.  Falsifying of the Amazon invoices by the Alleged Debtors constitutes a blatant, scandalous fraud on the Court and Petitioning Creditors. This fraud, and the Alleged Debtors' continuing conduct, pervades the Answers and casts considerable doubt on their veracity.  The Court has the power to strike the Answers under Rule 12(f) of the Federal Rules, made applicable at the Court's discretion by Rules 1018 and 7012 of the Bankruptcy Rules, and its equitable powers under section 105(a) of the Bankruptcy Code, and enter the orders for relief against the Alleged Debtors. The Court should exercise that discretion under these unusual and unfortunate circumstances.

<u>**RESERVATION OF RIGHTS**</u>

22.    The Petitioning Creditors reserve all rights with respect to the fraud, including the right to move for sanctions under Rule 9011(c) of the Bankruptcy Rules or under any other applicable rule or law.

23.    As set forth in detail in the Extension Objection, the validity and appropriateness of the Petitions is beyond dispute.  The Answers do not change that, but, again, merely evidence that the Alleged Debtors lack any credible defenses to the Petitions.  Petitioning Creditors filed the Actions to prevent the Alleged Debtors from dissipating and squandering estate assets that could otherwise be used to pay mounting claims against the Alleged Debtors – a purpose the bankruptcy code embraces. On their own clumsy accord, the Alleged Debtors have again highlighted the need for entry of the orders for relief (and bankruptcy protection of estate assets) by filing the fraudulent Purported Amazon Invoices and the Purported Amazon Payment Chart.   However, to the extent the Court is

not inclined to strike the Answers and enter the orders for relief, the Petitioning Creditors reserve all

rights with respect to filing responses to the Answers.

      **WHEREFORE**, the Petitioning Creditors respectfully request that the Court grant the

Motion, strike the Answers, enter the orders for relief against the Alleged Debtors, and grant such

other and further relief as is proper.

Dated: May 2, 2019                      **VENABLE LLP**
       Wilmington, Delaware

                                         */s/ Daniel A. O'Brien*_____
                                         Daniel A. O'Brien (No. 4897)
                                         1201 N. Market Street, Suite 1400
                                         Wilmington, Delaware 19801
                                         Telephone:  302-298-3535
                                         Facsimile:  302-298-3550
                                         daobrien@venable.com

                                             -and-
                                        Andrew J. Currie, Esq.
                                        Benjamin E. Horowitz, Esq.
                                        600 Massachusetts Avenue, NW
                                        Washington D.C. 20001
                                        Telephone:  202-344-4586
                                        Facsimile:  202-344-8300
                                        ajcurrie@venable.com
                                        behorowitz@venable.com

                                        *Counsel to the Petitioning Creditors*