IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:  CommuniClique, Inc | Chapter 7 (Involuntary Petition) |
| | Case No. 19-10573-KG |
| Debtor(s) | |

DEBTOR COMMUNICLIQUE'S RESPONSE TO

THE COURT'S SUA SPONTE MOTION TO TRANSFER VENUE TO

THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF CALIFORNIA

COMES NOW, the Communiclique, Inc., the Debtor in the above captioned involuntary bankruptcy case (hereinafter "Debtor") by and through its undersigned counsel, does hereby express its support of the United States Bankruptcy Court for the Distrct of Delaware's (hereinafter "Delaware Court") *sua sponte* motion seeking to transfer venue of the above captioned bankruptcy case to the United States Bankruptcy Court for the Central District of California, Los Angeles Division (hereinafter "California Court").  In support of granting the Court's motion Debtor states the following:

BACKGROUND

Communiclique, Inc. is a Delaware corporation engaged in providing business communications whose principle business operations are located in Los Angeles California.  On or about March 15, 2019, a group of alleged creditors (hereinafter "Petitioning Creditors"), filed a Petition with the Delaware Court seeking to involuntarily place the Debtor in Chapter 7 Bankruptcy (hereinafter "Petition").  To date, no Chapter 7 Trustee has been appointed.

The Petitioners employed first class postage as their means for serving Debtor. Per the Fed R. Bk. P., a Debtor must respond to a petition seeking to place an alleged debtor in

involuntary bankruptcy within 21 days of the petition being forwarded.  Debtor received notice of the Involuntary Bankruptcy filing on April 2, 2019, Six (6) days prior to the deadline to file a response to the Petition.  On April 2, 2019, Debtor's California counsel contacted counsel for the Petitioning Creditors requesting an extension of time to file this response.  Through counsel Petitioning Creditors agreed to a Four (4) day extension, extending the deadline to file an answer to April 12, 2019.  On or about April 12, 2019, Debtor, through local counsel filed a motion seeking to extend the deadline to file a response, and a motion seeking expedited scheduling of the motion to extend.  This court granted Debtor's motion for expedited scheduling and  at hearing held at 2:00 PM, April 25, 2019 (hereinafter the "April 25, Hearing"), granted Debtor's motion to extend ordering Debtor to file its answer to the involuntary petition at or before to 4:00 PM, April 29, 2019.  Debtor timely filed its answer subsequently amending its answer on May 5, 2019.

During the April 25, Hearing the court *sua sponte* moved to change the venue of the above captioned involuntary bankruptcy case to "California" (hereinafter "*sua sponte* Motion") presumably to United States Bankruptcy Court for the Central District of California, Los Angeles Division (hereinafter "California Court").  After the April 25, Hearing,  the Delaware Court issued a written order stating that assuming the Debtor met the April 29, 2019, deadline to file its answer, written submissions on the *Sua Sponte* Motion are due at 4:00 PM, May 6, 2009, with hearing on the *Sua Sponte* Motion is scheduled for 10:00 AM on May 9, 2019.

This is the Debtor's written submission supporting the Delaware Court's *Sua Sponte* Motion to change the venue of the above captioned involuntary Bankrptcy Case to the California Court.

THE DELAWARE COURT'S *SUA SPONTE* MOTION TO CHANGING THE VENUE OF THE ABOVE CAPTIONED INVOLUNTRY BANKRUPTCY CASE IS WITHIN THE AUTHORITY OF THE COURT AND SERVES THE INTEREST OF JUSTICE AND CONVENIENCE FOR THE PARTIES AND WITNESSES

 A. THE COURT MAY SUA SPONTE MOVE TO CHANGE THE VENUE OF A CASE

A Banktupcy Court may change the venue of a core proceeding in bankruptcy case to any other district or division where the case may have been brought when the the change of venue is in the interest of Justice and convenience to the parties and the witnesses.  The court may initiate such a change of venue *sua sponte* and need not depend upon a motion, stipulation or consent of the parties.  *Sultan v. JP Morgan Chase Bank, N.A.*, 575 B.R. 609, 616 (Bankr. Del. 2017) *citing Robinson v. Town of Madison,* 752 F.  Supp. 842, 846 (N.D. Ill. 1990) and 28 U.S.C. §1404(a)

A core proceeding is defined by 28 U.S.C. §157(b)(2) as matters concerning the administration of the estate, and has been interpreted as a proceeding that invokes a substantive right provided by title 11.  *IN Re: Resorts Intern., Inc.,* 3.72 F. 3d 154, 162-63 (3d. Cir. 2004).  In the case at bar the court has *sua sponte* moved to transfer the entire case to the California Bankruptcy Court.  Transfer of an entire bakruptcy case as opposed to a proceeding ancillary to a bankruptcy case, involves all the substantive rights affected under a Title 11., case including but not limited to the administering assets, granting a discharge among other rights and remedies that could only arise in the context of a bankruptcy.  As such there can be no dispute that a court is moving to chage the venue of "core proceeding."

 B. THE CALIFORNIA BANKRUPRCY COURT IS AN APPROPRIATE VENUE FOR THE ABOVE CAPTIONED CASE

Per 28 U.S.C. §1408, a bankruptcy case may properly be brought in the distict where the subject of the case is domiciled or has its principle place of business.  The Debtor's principle offices, the majority of its employees, its relevant records and principle officers are all located in

Los Angeles, California. As such, the Debtor's principle place of business is Los Angeles California. Therefore, while the Debtor is a Delaware chartered corporation, since its principle offices place of business is Los Angeles, CA, the United States Bankruptcy Court for the Central District of California is an appropriate venue for the above captioned involuntary bankruptcy case.

> C. IT IS IN THE INTEREST OF JUSTICE AND CONVENIENCE FOR THE PARTIES AND WITNESSES THAT THE VENUE OF THE ABOVE CAPTIONED INVOLUNTARY BANKRUPTCY PETITION BE TRANSFERRED TO CALIFORNIA

As stated above a Banktupcy Court may change the venue of a core proceeding in bankruptcy case to any other district or division where the case may have been brought when the the change of venue is in the interest of Justice and convenience to the parties and the witnesses. *Sultan v. JP Morgan Chase Bank, N.A.*, 575 B.R. 616. To determining whether the interest of justice and convenience to the parties and witnesses is served the court generally considers the following eight (8) factors;

(1) the location of the plaintiff and defendant;
(2) the ease of access to the necessary proof;
(3) the availability of subpoena power for the unwilling witnesses;
(4) the expense related to obtaining willing witnesses;
(5) the enforceability of any judgment rendered;
(6) the ability to receive a fair trial;
(7) the state's interest in having local controversies decided within its borders; and
(8) the economics of the estate administration.

*In re: REHOBOTH HOSPITALITY, LP, d/b/a LOGOS PLAZA HOTEL*, (Case No. 11-12798 (KG), Bankr. Del, 2011).

In the case at bar, as stated above the Debtor's principle offices, the majority of its employees, its relevant records and principle officers are all located in Los Angeles, California. The only tie the Debtor has to Delaware and the Delaware Bankruptcy Court is that the Debtor's

corporate charter was issued in Delaware. Further, none of the Petitioning Creditors are residents of Delaware, nor do they profess to have any significant contacts with Delaware. The underlying debts that Petitioning Creditors rely on for standing to file the above captioned involuntary bankruptcy petition are not from decisions issued by Delaware tribunals, nor did they arise from Delaware transactions. Given that all of the parties hail from outside Delaware, and that the overwhelming majority of materials evidence and witnesses necessary to prosecute any bankrupty case involving the Debtor are located in Los Angeles CA, this factor weighs heavily in favor of transferring venue to the California Bankruptcy Court.

As stated above, all of the Debtor's books, records and current employees are located in Los Angeles, CA. While there may be relevant materials and necessary witnesses in states other than California, none of these materials or witnesses for either the Debtor nor the Petitioning Creditors are located in Delaware. Therefore, this factor also weighs in favor of transferring venue to the California Bankruptcy Court.

Debtor's principle officers, and current employees are located in Los Angeles California. Should any of these individuals prove unwilling to testify, they are not within the subpoena power of the Delaware Bankruptcy Court. While there may be some unwilling third party witnesses that do not reside in either Delaware or California, the majority of the necessary witnesses will be in California. Further, but more importantly, no witnesses necessary for either Parties' presentation of this case are located in Delaware. Therefore, both this factor also weigh heavily in favor of transferring venue to the California Bankruptcy Court.

As stated above, no witnesses necessary for the disposal of the above captioned bankruptcy case whether said witness be for the Petitioning Creditors or the Debtor, willing or otherwise is located in Delaware. As such, all witnesses will be required to incur travel, lodging

and board expenses when appearing before either the Delaware Bankruptcy Court or the California Bankruptcy Court. Therefore, there will be little or no difference in expense for obtaining willing witnesses notwithstanding whether the case is disposed of before the Delaware Bankrutpcy Court or the California Bankruptcy Court.

As stated above, all of the Debtor's books, records and current employees, the Debtor's principle officers and executives and assets are all currently located in Los Angeles, CA. None of the Debtor's assets, or personnel with authority to provide access to Debtor's assets are located in Delaware. Assuming, administration of an involuntary chapter 7 it would be much less efficient, and much more difficult to administer a case where all the assets, records and personnel are located in Los Angeles, CA from Delaware. Therefore, this factor also weighs heavily in favor of transfering venue to the California Bankruptcy Court.

Debtor's posit that the California Bankruptcy Court is supremely competent to adjudicate the above captioned bnkruptcy. Further, the Debtor' posit that the California Bankruptcy court is completely unbiased. As such, there is no reason to believe that either the Debtor or the Petitioning Creditors would not be able to receive a full and fair adjudcation of their rights before the California Bankruptcy Court. Therefore, this factor also weighs in favor of transfering venue to the California Bankruptcy Court.

Between California and Delaware, California holds the greater interest in having this controversy decided within its borders. As stated above, the only connection this case has with Delaware s that the Debtor in incorporated in Delaware. The debts owed to the Petitioning Creditors are not the results of Delaware adjudications, nor transactions that took place in Delaware. None of the Petitioning Creditors are residents of Delaware, nor do they profess to have any significant contacts with Delaware. The Debtor's principle place of business, principle

offices, the majority of its employees, its relevant records and principle officers are all located in Los Angeles, California.  Given that all of the Petitioning Creditor's hail from outside California, and that the overwhelming majority of materials evidenc and witnesses necessary to prosecute any bankrupty case involving the Debtor are located in Los Angeles CA, contrasted to the fact that none of the Petitioning Creditors have any connection to Delaware, nor do the underlying debts, the California Bankruptcy Court has a much greater interest in having this matter decided within its jurisdiction than does the Delaware Bankruptcy Court.  Therefore, this factor weighs heavily in favor of transfering venue to the California Bankruptcy Court.

      The economics of estate administration favor transferring venue to the California Bankrptcy Court.  As stated in the paragraphs above, all of the people, records and assets necessary for administrering an estate are located in Los Angeles CA. None of the materials or matters germaine to the above captioned case are located in Delaware.  Additionally, the above captioned case is in its infancy, relief has not yet been granted, the Debtor has not submitted its motion to dismiss, which are routinely filed in involuntary bankruptcies.  The court has not yet appointed  trustee, so there is no risk of wasted resources and/or inefficiency due to a venue change necessitating duplicative work.  Lastly, there will be no concern that the Petitioning Creditors will have to choose between the expense of maintaining their present representation as out of town counsel, or choosing new counsel in the new venue.  The Petitioning Creditors present counsel has an office in Los Angeles said office is located less than Fifteen (15) miles from the California Bankruptcy Court.  As the resources necessary to adjudicate the case are present in Los Angeles, and there will be essentially no resources wasted upon the case being transferred from the Delaware Bankruptcy Court, this factor also weighs heavily in favor of transfering venue to the California Bankruptcy Court.

Per the discussion in the paragraphs immediately above, applying the Eight (8) criteria employed by the Delaware Bankruptcy Court to determine whether the interest of justice and convenience to the parties and witnesses is served, it is apparent that all 8 factors show that the interest of justice and convenience to the parties are best served by changing the venue of the above captioned involuntary bankruptcy case to the United States Bankruptcy Court of the Central District of California, Los Angeles Division.

### D.  CONCLUSION

A bankruptcy court may *sua sponte* move to change the venue of a core proceeding in a bankrutpcy case if the change of venue will serve the interest of justice and the convenience to the parties and witnesses.  In determining the service of justice and the convenience to the parties and witnesses bankruptcy court's in Delaware consider 8 criteria.  In the case at bar, the involuntary bankruptcy petition is a core proceeding pursuant to 28 U.S.C. § 1408.  Further, when the facts and circumstances are aplied to the 8 factors considered by the Delaware Bankruptcy Court, all 8 factors indicate the interest of justice and convenience to the parties and witnesses will be served by transfering venue of the above captioned involuntary bankruptcy to the California Bankruptcy Court.  Therefore, this court should exercise its discretion, and enter the attached form order executing the courts *sua sponte* motion to transfer venue of the above captioned involuntary bankruptcy to United States Bankruptcy Court of the Central District of California, Los Angeles Division.

                Respectfully submitted,

                /s/ Neil F. Dignon
                Neil F. Dignon, Esquire
                Bar Number 3625
                Attorney for the Limited Purpose of
                Responding to thi Motion
                Neil F. Dignon, Esquire, Attorney at Law
                20771 Professional Park Blvd
                Unit 1  2d Floor
                Georgetown, DE 19947
                Tel (302) 725-0288
                Fax (800)  494-8413
                Email: N.Dignon@neilfdignon.com

DATED: May 6, 2019