IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In Re:  CommuniClique, Inc                    Chapter 7 (Involuntary Petition)

                                                                      Case No. 19-10573-KG

      Debtor(s)

## DEBTOR'S COMMUNICLIQUE'S RESPONSE TO

## INVOLUNTARY CREDITOR'S MOTION TO STRIKE ITS ANSWER

**COMES NOW**, the above named Debtor(s) by and through the undersigned counsel, respectfully requests this Honorable Court enter an order denying the Motion Seeking to Strike the Debtor's Answer, saod motion filed by the Petitioning Creditors.  In support of Debtor's request, Debtor states the following:

REGARDING PETITIONING CREDITORS' PRELIMINARY STATEMENT

The overwhelming majority of the statements contained in the Preliminary Statememt to Petitioning Debtors' Motion to Strike Debtor's Answer ("Statement"), state legal conclusions and as such do not require a response, but the Debtor nonetheless denies these stated legal conclusions.  As for facts alleged in the Statement, all are denied except, that this court did order a four day extension of time to file Debtor's answer, that Debtor attached invoices to its answer, that counsel for the Petitioning Creditors contacted initial motion and answer counsel for the Debtor and advised of their suspicions, and that initial motion and answer Counsel would not alter or withdraw the answer filed without investigation and/or permission from the Debtor.

BACKGROUND

1. Admitted.
2. Admitted
3. Admitted

4. Admitted that the Petition was amended, whether the amendment was non-subsantive the Debtor lacks sufficieint knowledge to admit or deny this allegation and leave Petitioning Creditors to their proof.

5. Admitted.

6. Admitted that a Responses to the Debtor's motions were filed.

7. Admitted.

8. Admitted that per the court's April 25, 2019, Order the Debtor timely filed its answer.

9. Admitted, as for the Petitioning Creditors state of mind upon being advised that counsel asserted he was not counsel of record having completed the terms of his engagement as outlined in his limited appearance, Debtor lacks sufficieint knowledge to admit or deny this allegation and leaves Petitioning Creditors to their proof.

10. Admitted, by way of further response for reasons other than those alleged by the Petitioning Creditors on their Motion of Strike the "Amazon" invoices have been withdrawn from Debtor's Amended answer filed May 5, 2019.

11. Denied

12. Admitted, by way of further response the invoices referred to have for reasons unrelated to Petitioning Creditor's Motion to strike, been withdrawn from Debtor's Answer.

13. Admitted that the chart reflects information reflected on purported invoices attached to Petitioning Creditors' Motion to Strike as Exhibit 3. Debtor lacks sufficieint knowledge to admit or deny the veracity of the information on the attached invoices, the alleged source of such onvoice nor the chart puportedly derived from said attached invoices, and as such leaves Movants to their proof.

14. Denied

15. Denied

16. Admitted that Counsel for the Movant's called ndersigned counsel and alleged there was fraud with the exhibits.

17. Paragraph 17 is a prayer for relief, and as such no response is required, but is nonetheless denied.  It is of note that the alleged offending portion of the Debtor's Answer has for reasons unrelated to Movant's motion, been removed from Debtor's timely filed amended answer.  As such, the Petitioning Creditor's motion is moot.

18. Paragraph 18 states a legal conclusion followed by a prayer for relief, and as such no response is required to either but is nonetheless denied.  It is of note that the alleged offending portion of the Debtor's Answer has for reasons unrelated to Movant's motion, been removed from Debtor's timely filed amended answer.  As such, the Petitioning Creditor's motion is moot.

19. Paragraph 19 states a legal conclusion, and as such no response is required but is nonetheless denied.

20. Denied

21.  All factual allegation contained in this paragraph are denied.  It is of note that the alleged offending portion of the Debtor's Answer has for reasons unrelated to Movant's motion, been removed from Debtor's timely filed amended answer.  As such, the Petitioning Creditor's motion is moot.  The balance of paragraph 21., states a legal conclusion, and as such no response is required but is nonetheless denied.

22.  Paragraph 22., states a legal conclusion, and as such no response is required, but is nonetheless denied.

23. With the exception of the statement of Petitioning Creditors' motivation in filing the above captioned involuntary petition regarding which Debtor lacks sufficieint knowledge to admit or deny this allegation and leave Petitioning Creditors to their proof, paragraph

23., stated either legal conclusions or prayers for relief neither for which a response is require but is nonetheless denied.

24. The Petitioning Creditors cite to no authority where a court employed F. R. C. P. 12(f), by its own authority, via F. R. Bk P. 7012 or some combination thereof with F. R. Bk P. 1018, strikes an answer.  This is because there is no such authority.  Striking a pleading is a "drastic remedy" to be used sparingly because of the difficulty of deciding a case without a factual record. A court will generally not grant a motion [to strike] unless the material to be stricken bears no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues. *Mandija v. Capano Homes, Inc.* (D. Del., 2018).  "Motions to strike are viewed with disfavor and [are] infrequently granted *In re Lehman Bros. Holdings Inc.* (Bankr. S.D.N.Y., 2012).  A motion to strike a defense pursuant to Fed.R.Civ.P. 12(f) will be denied "if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear. *In re Poughkeepsie Hotel Associates Joint Venture*, 132 B.R. 287 (Bankr. S.D.N.Y., 1991)  quoting 2A James W. Moore et al., Moore's Federal Practice ¶ 12.213 (2d ed. 1991). The *Poughkeepsie* acknowledges six factors to be considered on a motion to strike a defense:1) Is the defense unrelated to plaintiff\'s claims? 2) Is the defense so clearly legally insufficient as to be worthy of the court\'s consideration? 3) Is there a factual question present? 4) Is the legal question raised in dispute? 5) Could the defense succeed under any set of circumstances? 6) Would failure to grant the motion prejudice the moving party? *In re Poughkeepsie Hotel Associates Joint Venture,* at 289.

25. Aknowledging that striking even a portion of a pleading is a drastic remedy viewed with disfavor, and being mindful that the Exhibit portion of Communiclique, Inc.'s, answer that the Petitioning Creditors objected to has been removed via an amended answer, applying *Poughkeepsie,* yields 1, the defenses the Debtor sets out are related to the claim,

The Debtor's answer alleges that Debtor is working to pay it debts as they come due, and Debtor also observes that the involuntary petition has been filed as a collection action and therefore is in bad faith.  These defenses are clearly related to the Petitioning Creditors Claims. 2)  The defenses listed *supra.* are not insufficient to be worthy of the court's consideration, these are standard defenses to an involuntary bankruptcy. 3) the Defenses raised are completely fact driven, and it is apparent on the face of every document filed by the Petitioning Creditors that they dispute the facts underlying Debtor's stated defenses. 4) There is certainly a legal question raised by the dispute, whether the debtor is paying its debts and whether the Petitioning Creditors filing this involuntary bankruptcy while making no effort to engage in state court execution processes are legal questions that speak direclty to whether the Pettioning Creditor's filing the involuntary petition was appropriate given the Debtor's circumsatnces and whether filing was made in bad faith. These isssues are core issues of an involuntary bankruptcy filing  5) The defense has pled prima facia defenses of paying its debts and bad faith, and as such the defense can prevail. 6) The only effect denying this motion to strike will have on the Petitioning Creditors is that they will be required to prove their case.  Any ill effect they have stated to date has been based on nothing but speculation and innuendo.  The Petitioning Creditors meet none of the 6 criteria required for a court to strike even a portion of an answer, let alone the entire pleading.  As such, the Petitioning Creditors motion to strike must fail.

**WHEREFORE**, upon consideration of the facts presented, Debtor respectfully requests this honorable Court enter an Order:

A  Denying Petitioning Debtors' motion to Strike Debtor's answer

B.  Costs and attorney's fees incurred in responding to this Motion

B.  Such other relief as the court deems fair and equitable.

Respectfully submitted,

/s/ Neil F. Dignon
Neil F. Dignon, Esquire
Bar Number 3625
Attorney for the Limited Purposes of
Drafting and Filing this Answer
Neil F. Dignon, Esquire, Attorney at Law
20771 Professional Park Blvd
Unit 1  2d Floor
Georgetown, DE 19947
Tel (302) 725-0288
Fax (800)  494-8413
Email: N.Dignon@neilfdignon.com

DATED: May 8, 2019